LAWRENCE HART *vs.* BOSTON, REVERE BEACH AND LYNN RAILROAD COMPANY.

Suffolk.    Nov. 24, 1876. — Jan. 15, 1877.

The St. of 1873, *c.* 353, giving a right of action, against the owner of a railroad, to "any person to whom a debt is due for labor performed, or for materials furnished and actually used in constructing any railroad, by virtue of an agreement with the owner of such railroad, or with any person having authority from or rightfully acting for such owner in procuring or furnishing such labor or materials," applies to a person performing labor, under an agreement with a contractor, who acts under a contract with the owner of the railroad.

The St. of 1873, *c.* 353, as applied to future contracts, is constitutional.

CONTRACT under the St. of 1873, *c.* 353. The case was sub· mitted to the Superior Court, and, after judgment for the plain· tiff, to this court on appeal, on an agreed statement of facts in substance as follows :

The defendant made a special contract, with one Gardner, to build a tunnel under its railroad. Gardner employed the plain· tiff on the work ; and he performed the labor sued for, and com· plied with the provisions of the St. of 1873, *c.* 353, in respect to filing the necessary statement, and the time of bringing this action.

If, upon the above facts, the defendant was liable, judgment was to be entered for the plaintiff for the amount claimed ; otherwise, for the defendant.

*S. H. Dudley*, for the plaintiff.

*E. L. Pierce*, for the defendant.

DEVENS, J. The design of the St. of 1873, *c.* 353, was to give to the laborer, or person furnishing materials, a right of action, not only against the contractor, who employed him, but also against the owners of the railroad, whose structure received an added value from the labor or materials furnished, if such right was enforced in the manner and with the promptness· required by the statute. While a lien similar to that given by the Gen. Sts. *c.* 150, could not, without much embarrassment, be en· forced upon the property of a railroad corporation, on account of the public uses to which it is devoted, it was still possible to give a right against those whose structure had been benefited. This right is given to any one who has performed labor or furnished materials, "by virtue of an agreement with the owner of such railroad, or with any person having authority from or rightfully acting for such owner." The words "by consent of," which are found in the Gen. Sts. *c.* 150, § 1, do not here occur, but the words, which are used, include more than those merely who act as agents of the owner of the railroad. A contractor with such owner is also one " having authority from " him to procure labor or furnish materials for the work for which he contracts. If the statute only permits one furnishing labor or materials to re· cover, where he has made a contract with the owner or some agent of his, as the defendant contends, then it has simply pro· vided for the enforcement of a common law right by a very cum·

brous method, and by § 5, has limited the term within which such right must be enforced to the brief period of sixty days.

All the provisions of this statute coincide with the view we take of its interpretation.   By § 2, a contractor for the whole or a specified part of the railroad is not entitled to this remedy, unless his contract is with the owner; so that the owner is not embarrassed by the claims of those who are sub-contractors.   By § 3, the person performing the labor must, within thirty days after ceasing to perform such labor, serve on the owner notice of the amount of his debt and the name of the person employing him, by a written statement under oath, which is also to be filed in the office of the clerk of any city or town where the labor was performed.   Such a notice contemplates that the owner of the railroad does not have the means of being informed of the claim through an agent.   By § 4, no person has a right of action for materials furnished, unless, before beginning to furnish the same, he shall have given written notice of his intention to claim such right.   If the remedy were limited to those who contracted with an agent, it would be a somewhat extraordinary provision to require, of one thus contracting, that he should notify the principal that he intended to claim the benefit of his contract.

Nor is there any objection to the right thus given against the owner, upon the ground that the statute is unconstitutional.   If a lien may be given upon a building in favor of those who add by labor or materials to its value by consent of or authority from the owner, a right of action may be given to them against the owner with equal constitutional propriety.   When the defendant made its contract with Gardner, by whom the plaintiff was employed, this statute was in force.   The defendant had ample means of protecting itself against claims similar to this, and as the statute gave this right to the laborers, whom Gardner might employ, they must be deemed to have made their contract with full reference to that condition of things.

*Judgment affirmed.*