MICHAEL J. CALLAHAN *vs.* CITY OF BOSTON.

Suffolk.    December 14, 1899. — January 5, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Labor performed on Public Building — Statute — Constitutional Law.*

The St. of 1892, c. 270, entitled " An Act relating to the payment for labor performed on buildings or public works owned by cities or towns," is constitutional.

CONTRACT, under St. 1892, c. 270, entitled " An Act relating to the payment for labor performed on buildings or public works owned by cities or towns." The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on agreed facts, the nature of which appears in the opinion.

*S. M. Child,* for the defendant.

*A. D. Moran & F. P. Curran,* for the plaintiff.

HOLMES, C. J.   It is not denied that the defendant is liable to the plaintiff under St. 1892, c. 270, if that statute is constitutional.   The effect of that act is that if a city or town sees fit voluntarily to order the construction of public works owned by it, then, *nolens volens,* it must assume a part of the responsibility of an employer to the workmen employed by the contractor with whom it deals.   It is intended to be a milder application of the principle of the mechanic's lien laws.   We see no constitutional objection to the law.   It is a familiar type of statute, and has been upheld heretofore.   *Hart* v. *Boston, Revere Beach, & Lynn Railroad,* 121 Mass. 510.   A compulsory relation of master and servant is not unknown even to the common law. *Benjamin* v. *Dockham,* 134 Mass. 418.

*Judgment for the plaintiff.*