## M. W. HUYSSEN, Respondent, v. LAWSON & WILSON, Appellants.

### Kansas City Court of Appeals, June 3, 1901.

1. **Partnership: REPRESENTATIONS: ADMISSION: ESTOPPEL.** Evidence reviewed and *held* to show that the defendants were partners *inter sese* or that the one held the other out as a partner with the other's consent, and such other by his admissions had estopped himself to deny his liability for goods sold the firm.

2. ———: EVIDENCE: INSTRUCTIONS. The instructions are held properly to have submitted the issues raised by the evidence to the jury.

3. ———: ———: ADMISSIONS. Certain representations as to the existence of a partnership, made by one of the alleged partners, are *held* primarily inadmissible, but became admissible upon the introductions of certain admissions of the other partner.

4. ———: ———: DECLARATIONS: ESTOPPEL. Certain declarations of the partners relating to the existence of a partnership, and made after the creation of the debt, sued for, are *held* inadmissible to effect an estoppel, since the issue was the existence of the partnership at the time of the creation of the debt; but such declarations were admissible in connection with other evidence, or at least were harmless.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan,* Judge.

AFFIRMED.

*J. D. Bohling, C. W. Bente* and *H. K. Bente* for appellants.

(1) The court erred in giving plaintiff's instruction number two. 1 Greenl. Ev., sec. 52; Smith v. Griffin, 5 Hill. 336; Scott v. Blood, 16 Me. 196. (2) The court erred in giving plaintiff's third instruction. 1 Lindsay on Partnership, p. 1; Campbell v. Dent, 54 Mo. 325, 330, 331; Thurman v. James, 48 Mo. 234; Clifton v. Howard, 89 Mo. 192; Donnell v. Harshe, 67 Mo. 170. (3) The court erred in giving plaintiffs' fourth instruction, since the record discloses no evidence of an actual partnership. Authorities supra. (4) The admissions of the contracting party can not be introduced to prove that the transaction was a partnership undertaking. Edgell v. Mac-Queen, 8 Mo. App. 71; Campbell v. Dent, 54 Mo. 325; Jones on Evid., sec. 252; Bates' Law of Partnership, secs. 1151, 1152, and numerous cases cited. (5) The court erred in admitting statements and declarations alleged to have been made by the appellant and by his co-defendant Lawson, in the appellant's presence, to the witnesses, W. H. Ricks and G. E. Koontz, after the credit sued for had been extended. Rimel v. Hayes, 83 Mo. 200; Hahlo v. Mayer, 102 Mo. 93; Smith's Leading Cases (5 Am. Ed. Hare & Wallaces Notes), pp. 981, 982; Bissell v. Warde, 129 Mo. 439. (6) A man can not be made a partner against his own will. Freeman v. Bloomfield, 43 Mo. 391; Bird v. Planque, 1 Foster and F. N. P. 334; Irving v. Conklin, 36 Barb. 64; Osborne v. Brennan, 10 Am. Dec. 614.

*John Cashman* for respondent.

(1) The defendant Wilson dealt with the Lamonte store in such a way as to estop him from denying himself to be a partner so far as creditors are concerned. Lowe v. Springs Co., 47 Mo. App. 426; Kelley v. Gaines, 24 Mo. App. 506; Meyers v. Boyd, 44 Mo. App. 378; Schultz v. Steele, 69 Mo. App. 614; Kelm v. Rathbun, 36 Mo. App. 199; Bissell v. Warde, 129 Mo. 439; Snyder v. Burnham, 77 Mo. 52; Selby v. McCullough, 26 Mo. App. 66; Bank v. Schoen, 123 Mo. 650; Lessing v. Sulzbacher, 35 Mo. 445; Young v. Smith, 25 Mo. 341; Rippey v. Evans, 22 Mo. 157; Campbell v. Hood, 6 Mo. 211; King v. Ham, 4 Mo. 275. (2) There was abundant evidence, in fact, the great preponderance of the evidence, was in favor of the plaintiff. The following are cases in which evidence is held sufficient to prove partnership. King v. Ham, 4 Mo. 275; Campbell v. Hood, 6 Mo. 211; Rippey v. Evans, 22 Mo. 157; Young v. Smith, 25 Mo. 341; Lessing v. Sulz-bacher, 35 Mo. 445; Richardson v. Farmer, 36 Mo. 35; Snyder v. Burnham, 77 Mo. 52; Bank v. Schoen, 123 Mo. 650; Bissell v. Warde, 129 Mo. 439; Selby v. McCullough, 26 Mo. App. 66; Kelm v. Rathburn, 36 Mo. App. 199; Meyers v. Boyd, 44 Mo. App. 378; Lowe v. Springs Co., 47 Mo. App. 426; Shultz v. Steele, 69 Mo. App. 614; Lamwersick v. Boehmer, 77 Mo. App. 136; Simmons v. Ingram, 78 Mo. App. 603.

SMITH, P. J.—The allegation of the petition is that the plaintiff sold and delivered the defendants, as partners, certain articles of merchandise, etc. The defendant Wilson filed a separate answer putting in issue the truth of said allegation as to the partnership. It is conceded that goods were purchased by the defendant Lawson, and the question is whether the transaction is to be regarded as that of both of the defendants

as partners or that of the defendant Lawson in his individual capacity.

The testimony of Holm, the plaintiff's general manager and bookkeeper, was to the effect that at the time the account sued on was opened he inquired of the defendant Lawson whether he was alone or had a partner in the store at Lamonte; and his answer was that Wilson, the other defendant, was his partner. Holm further testified that he knew the defendant Lawson to be insolvent and but for the representation made by him that the other defendant, Wilson, was his partner he would not have extended the credit. Holm also testified that on either that or the next day he met defendant Wilson and repeated to him the representation made by Lawson, when he, Wilson, said: "That's all right; we have got a good thing out there; what Lawson told you is true." During the currency of the account Wilson complained to William Huyssen, the general agent of the plaintiff, that the plaintiff was charging too much for the goods that went to the Lamonte store. The witness told him that his partner, Lawson, knew more of goods than he did. He, Wilson, did not then object to the statement that Lawson was his partner.

It is true that the foregoing testimony of the witnesses Holm and Huyssen was contradicted by that of the defendants, still, that of the former was ample to make out plaintiff's prima facie case. The testimony of the plaintiff's witnesses discloses that the defendants were partners *inter sese,* or, if not, then Lawson held out Wilson to be his partner with the latter's consent; and that this was known to the plaintiff at the time of the sale of the goods. It also further discloses that the plaintiff in extending the credit relied on the alleged existence of the partnership relation between the defendants. The admissions of the defendants tended to establish the partnership relation in fact, or, if not that, they at least did tend to show that they

were partners in law as to plaintiff in the transactions to which the account sued on relates. Wilson could not be heard to dispute his liability for the account on the ground that the partnership relation between Lawson and himself did not exist at the time of the contract in the face of his admission to plaintiff's agent. His admission was a verification of the Lawson representations, upon the strength of which the credit was extended. Hahlo v. Mayer, 102 Mo. 93; Rimel v. Hayes, 83 Mo. 200.

In eliciting the evidence, inquiry was permitted to take a wide range. Many facts and circumstances were disclosed which, it seems to us, were sufficient to justify the inference that the partnership relation existed in fact, at the time of the contract. The court by its second and fourth instructions given for plaintiff and its fifth for defendants fully submitted to the jury the issue as to the partnership. If there was any error in the plaintiff's said second and fourth it was cured by the defendants' fifth. These instructions were clear and explicit in expression. The theory which they severally embodied was in substance the same. No serious error is perceived in the action of the court in giving or refusing instructions.

The declarations of Lawson, the contracting party, to the effect that Wilson was his partner, were primarily inadmissible, but were rendered admissible by the subsequent proof that when Lawson's declarations were repeated to him (Wilson) he admitted they were true. This admission of Wilson established the existence of the partnership at the time of the contract. If the defendants were then partners, engaged in carrying on the Lamonte store, then it follows as an inevitable legal corollary that Lawson, as one of the partners, was authorized to bind the other in the contract with the plaintiff for the purchase of the merchandise. The proof of the declarations of Lawson should have been excluded had it not been followed with the further proof of the admissions of Wilson.

The defendant Wilson objects that certain declarations of Lawson and himself, made to others after the credit had been extended by the plaintiff, were inadmissible. These admissions were of course inadmissible to lay the foundation upon which to build an equitable estoppel in this case. Wilson would not be estopped by such declarations to deny that he was a partner at the time of the contract for the purchase of the plaintiff's merchandise, and evidence of such declarations would be inadmissible for that purpose; but on the theory of an actual partnership, such declarations were admissible in connection with the other evidence. And whether strictly admissible or not, we can not discover that such evidence was harmful, since similar admissions were proved to have been made before the credit was extended. The controverted issue in the case was fairly submitted to the jury, whose verdict is conclusive on us.

The judgment must be affirmed. All concur.