## THE STATE v. P. G. GREGORY, Appellant.

Division Two, December 16, 1902.

1. **Appellate Jurisdiction:** MISDEMEANOR: CONSTITUTIONALITY OF STATUTE. If the defendant by his motion to quash the indictment, challenges the constitutionality of the statute which he is charged with having violated, and exceptions to the overruling of the motion are incorporated in the bill, the appeal is to the Supreme Court.

2. **Contractor:** OBTAINING LUMBER BY FALSE PROMISES. The statute which makes it a misdemeanor for a contractor or sub-contractor who purchases material on credit and represents at the time of the purchase that the same is to be used in a designated building or improvement and thereafter uses or causes said material to be

State v. Gregory.

used in other buildings or improvements, without the written consent of such materialman, and with intent to defraud him, is constitutional. It is not class legislation, for by its terms it refers to all contractors and all sub-contractors and hence does not split up a natural class, and therefore it can not be said to impose upon a building contractor penalties not imposed upon persons in like situation.

3. ———: ———: OWNERSHIP. A contractor who orders materials under a promise or representation that they are to go into a certain building has no such ownership in them as will enable him to do as he pleases with them. They do not become his absolute property. He has only a special property in them.

4. **Law:** PRESUMPTION OF CONSTITUTIONALITY. Every presumption will be indulged in favor of the constitutionality of a statute.

5. **Contractor:** DEFRAUDING MATERIALMAN: INTENT. Defendant's intent to violate the statute which forbids a contractor to use material in any other building or improvement than that in which he promised and represented at the time he bought them they should be used, is established by his own testimony that he used only 11,000 of the 20,000 laths ordered in the buildings for which he bought them, and gave the owner of the building a certificate to that effect to enable him to settle with the materialman.

6. ———: ———: REMNANT. When the contractor used only 11,000 of the 20,000 laths ordered to be used in certain buildings, he can not claim that the remaining 9,000 were a mere remnant left over which according to custom he could remove to another building.

7. ———: ———: INSTRUCTIONS: PRESUMPTION OF INNOCENCE: PRACTICE. Where the court in a misdemeanor case instructs the jury that they must acquit unless they find defendant guilty beyond a reasonable doubt, and defendant neither prays the court to instruct upon all questions of law, nor saves any exceptions to its failure to do so, the appellate court will not consider an assignment that the court failed to instruct on the subject of presumption of innocence.

8. ———: ———: DEFINING FALSELY AND FRAUDULENTLY. It is not error to fail to define the words "falsely" and "fraudulently" used in instructions.

9. **Evidence:** WITHDRAWAL. After two witnesses had testified without objection that defendant habitually ordered materials largely in excess of the amount needed to complete the buildings for which ordered and then removed the excess, the court, on objection to the testimony of a third witness to the same effect, withdrew the whole evidence from the jury, saying it did not show any such systematic

fraud as made it competent. *Held*, that the admission of this testimony and its prompt withdrawal, did not indicate any such prejudicial error as to justify a reversal.

Transferred from Kansas City Court of Appeals.

AFFIRMED.

*J. H. McVay* for appellant.

(1) The court should have sustained the motion to quash the indictment for the reason that the section of the statute under which it is drawn is unconstitutional and void: (a) It is class legislation. (b) It deprives the contractor of the equal protection of the law. (c) It deprives the contractor of the free use of his property. (d) It imposes a penalty upon a contractor that it does not impose upon any other person, and is therefore void. Mo. Constitution, art. 11, sec. 30; U. S. Constitution, sec. 1, art. 14; State v. Julow, 129 Mo. 163; State v. Loomis, 115 Mo. 307. (e) This section of the statute deprives the citizen of his right to make a contract of purchase of property and do as he pleases therewith; the Legislature has no power to abridge the rights of the citizen in this particular if the subject-matter of the contract is lawful and the contract made in a lawful manner. (2) The court should have allowed the defendant to state the intent with which he moved the remnant of material from the designated place, whether for the purpose of defrauding the materialman or for the reason that it was and had been the custom for years for contractors to do so for the reason that if left at the place the property would be destroyed or stolen, and thus would be a total loss to all interested parties, and to state what the custom of contractors was. The intent was the gist of the criminal charge. State v. Banks, 73 Mo. 596; State v. Williams, 95 Mo. 249; State v. Palmer, 88 Mo. 573; State v. Partlow, 90 Mo. 626; Vansickle v. Brown, 68 Mo. 627. (3) The court should have instructed the

jury on the presumption of innocence, which it failed
to do.    Bishop's New Cr. Procedure, secs. 1103-4; State
v. Kelly, 73 Mo. 608; State v. Patrick, 107 Mo. 172.
(4) The court should not have given an instruction pur-
porting to cover the entire case, which instruction 1 did,
which instruction totally ignored the defendant's de-
fense as presented by the evidence.    State v. Patrick,
supra; Carder v. Primm, 60 Mo. App. 423; Schroeder
v. Michaels, 98 Mo. 43; Fitzgerald v. Hayward, 50 Mo.
516; Mansur v. Botts, 80 Mo. 651; Sheedy v. Streeter,
70 Mo. 679; Carroll v. Railroad, 60 Mo. App. 465; State
v. McKenzie, 102 Mo. 620.

*Herbert S. Hadley, C. E. Burnham* and *Frank G.
Johnson* for the State.

(1) The section is constitutional.    It is not class
legislation.    It applies to all contractors alike.    (2)
This statute is not made for the protection of the con-
tractor, but the protection of the lumber dealer, hence,
it does not deprive the contractor of the equal protec-
tion of the law.    (3) It is not the contractor's prop-
erty.    He has only a special property in the material
where it is purchased, as this was, for use in a par-
ticular building and on credit of the building.    His
right is to use it in that building only.    The law enters
into the contract.    Cahil Collins & Co. v. Elliott, 54 Mo.
App. 390; Lumber Co. v. Hoos, 67 Mo. App. 274; Ridge
v. Mercantile Co., 56 Mo. App. 158.    In such cases the
intent to waive the lien must clearly appear.    Lumber
Co. v. Hoos, supra.    (4) The penalty is common to
all of his class and applies to every person who may
engage in the business of contracting and building.
To make contractors a class of buyers is permissible
and not an arbitrary classification.    State v. Whitaker,
160 Mo. 59; St. Louis v. Bower, 94 Mo. 634; Kansas
City v. McDonald, 80 Mo. App. 448.    (5) Upon prin-
ciple and authority the rule is settled that acts of the
Legislature are to be presumed constitutional until the
contrary is clearly shown; and it is only when they

manifestly infringe on some provision of the Constitution that they can be declared void. St. Louis Co. Ct. v. Griswold, 58 Mo. 192; Ewing v. Hoblitzelle, 85 Mo. 64; Phillips v. Railroad, 86 Mo. 540. (6) It is not error not to instruct on presumption of innocence in misdemeanor cases. Neither of the cases cited by appellant announce any such rule as claimed by him. Nor does the statute, section 2627, so require, but by implication it negatives the necessity except in felony cases. Besides, it is expressly ruled that it is not necessary to give a formal instruction on the presumption of innocence. State v. Heinze, 66 Mo. App. 136; State v. Matthis, 49 Mo. App. 238; State v. Baldwin, 56 Mo. App. 427. To avail defendant anything by reason of this omission he must have excepted to the failure at the time and assigned it as error in his motion for new trial. This he did not do. State v. David, 159 Mo. 531; State v. Westlake, 159 Mo. 679; State v. Cantlin, 118 Mo. 111.

GANTT, J.—This is a prosecution under section 4226, Revised Statutes 1899, which is in these words:

"Sec. 4226. Any contractor or subcontractor who shall purchase materials on credit, and represent at the time of purchase that the same are to be used in a designated building or other improvement, and shall thereafter use, or cause to be used, the said materials in the construction of any building or improvement other than that designated, without the written consent of the person from whom the materials were purchased, with intent to defraud such person, shall be deemed guilty of a misdemeanor, and, on conviction, shall be punished by fine not exceeding five hundred dollars."

Although the offense is made a misdemeanor only, jurisdiction of this appeal is conferred on this court because the constitutionality of said section was duly challenged by the motion to quash the indictment, and the criminal court having overruled the same, an exception was duly saved and the motion and exception incorporated in the bill of exceptions.

The indictment was returned at the January term, 1900, and the defendant was tried and convicted on the 18th of February, 1901. The record was filed in the Kansas City Court of Appeals, September 14, 1901, and by that court transferred to this court and lodged in the clerk's office too late to be heard at the April term of this year.

The indictment in substance charges that defendant Gregory on the 20th day of March, 1899, was then and there in Jackson county, a contractor, and then and there had a contract with one Lewis M. Rowland, the owner of certain premises known as No. 4030 East Seventh street in Kansas City, Jackson county, Missouri, to furnish materials and to do work on the construction of a building at said number and did then and there purchase materials, to-wit, 200 bunches of W. P. laths, of the value of $25; 10 pieces of 2x10-12 No. 1 Y. P. of the value of $3.40, and 5 pieces 1x12-16 2 W. P. of the value of $1.68, on credit, from the Current River Lumber Company, a corporation, and did then and there unlawfully, falsely and fraudulently represent to the said Current River Lumber Company, at the time of said purchase, that the said materials were to be used in the said building at No. 4030 East Seventh street and thereafter he the said Gregory did unlawfully and fraudulently use and cause to be used the said materials in the construction of a building and improvement other than the designated building at No. 4030 East Seventh street, without having first obtained the written consent of the said Current River Lumber Company from whom said materials were purchased, to so use the said materials on such other buildings with the intent to defraud the said lumber company of said materials, against the peace and dignity of the State.

There was evidence tending to prove the charges in the indictment sufficient to require the case to be submitted to the jury.

Various errors are specified and we proceed to dispose of them.

I. The chief point is that the act is unconstitutional because it is class legislation and denies the defendant the equal protection of the laws and imposes upon a building contractor penalties not imposed upon other persons in like situations. That laws which give mechanics, contractors, and materialmen liens on the buildings upon which they work and for the construction of which they furnish materials, are constitutional, has been decided in a great many well-reasoned cases. It was so held at an early day in this State. [Dubois' Admr. v. Wilson's Trustee, 21 Mo. 214. See also Kellogg v. Howes, 81 Cal. 170; Hart v. Railroad, 121 Mass. 510; Shaw v. Bradley, 59 Mich. 204; Glacius v. Black, 67 N. Y. 563; Cole Mfg. Co. v. Falls, 90 Tenn. 466; Purtell v. Bolt Co., 74 Wisc. 132.]

Such laws have been held not to deprive persons of their property without due process of law and are not class legislation. [Quale v. Moon, 48 Cal. 478; Summerlin v. Thompson, 31 Fla. 369; Warren v. Sohn, 112 Ind. 213; Va. Devel. Co. v. Crozier Iron Co., 90 Va. 126.]

Our statute which gave the defendant a lien as a contractor on the buildings for which he ostensibly purchased the laths and other lumber from the Current River Company is not unconstitutional because it singled out contractors and materialmen as a class, because all persons "who are, or who may come into like situations and circumstances" are treated alike by its provisions. [Humes v. Railroad, 82 Mo. 221; Ibid v. Ibid, 115 U. S. 512.] But while our laws give the materialmen liens for the materials furnished for the erection of a building or improvement, the lien is not allowed for materials furnished to the contractor to go into a building but not put into it by him. [Deardorff v. Everhartt, 74 Mo. 37; Henry & Coatsworth Co. v. Evans, 97 Mo. 52; Schulenberg v. Home Institute, 65 Mo. 295; Simmons, Garth & Co. v. Carrier, 60 Mo. 582; Fitzpatrick v. Thomas, 61 Mo. 516.]

When the Legislature came to consider, then, that the materialman, relying upon the mechanic's lien law,

would furnish his material to a contractor upon the faith of the lien guaranteed him, but that he had no protection by that law if the contractor should fraudulently order the material and have it delivered at the designated building and then remove the whole or part of it to another building without the knowledge or consent of the materialman, the opportunity for fraud was greatly enhanced and the materialman became liable to be cheated out of his materials by contractors to whom he had sold upon the faith of the lien he was to have on the building or improvement. To buy lumber for one building, have it delivered at the place and then without the knowledge or consent of the lumberman who furnished it for that specific purpose, cart it off and put it into another building on which he would have no lien, is a palpable fraud on its face and it was and is entirely within the power of the Legislature to make all proper laws and regulations to prevent such frauds, the facilities for perpetrating which have been increased by the very laws enacted for the protection alike of the contractor and materialman. [State v. Addington, 77 Mo. 118.]

The Legislature having given a special lien to contractors, and experience having taught that under the guise of that law frauds upon materialmen were being perpetrated, it was entirely competent to make such frauds misdemeanors in order to prevent them in the future. By its terms it refers to all contractors and all subcontractors and, hence, does not split up a natural class. The cases of State v. Loomis, 115 Mo. 307, and State v. Julow, 129 Mo. 163, have no pertinency, for the reason that they are based upon statutes which made unnatural and unjust classification and split up natural classes. We have no doubt whatever of the constitutionality of the act under which defendant was indicted and convicted.

The argument advanced that when he ordered the laths they became his property and he could do as he pleased with them, and to deny him this right would be to discriminate against him as a property-owner,

is based upon a false premise. They did not become his absolute property. He had only a special property in them and was bound to use them in the building for which he ordered them. It was upon the credit of the building they were sold and credit extended to him. Every presumption must be and will be indulged in favor of the act. [State v. Whitaker, 160 Mo. 59; Ewing v. Hoblitzelle, 85 Mo. 64.]

II. It is next urged that defendant was denied the right to testify as to his intent with which he moved the material from the houses for which he ordered it. He was asked by his counsel if he had any intention of stealing any of the material or defrauding anybody in the transaction and he answered, "No, sir, I had none at all." He testified that of the 20,000 laths ordered for Rowland's two houses, only eleven thousand went into them and he gave Mr. Rowland a certificate to that effect to enable him to settle with the lumber company. He nowhere offered to prove that he had the written consent of the lumber company to remove and use the laths in a different building. While he was permitted to testify that he had no intent to steal or defraud, his own testimony established a violation of the statute, to-wit, an intent to do the specific thing which the statute forbids. [State v. Silva, 130 Mo. 440; State v. Johns, 124 Mo. 379; State v. Adams, 108 Mo. 214; State v. Musick, 101 Mo. 271.] The defendant was not prejudiced by the ruling on this point. The pretense that 9,000 laths were a mere remnant left over, which according to custom the contractor may remove to another building, is utterly without merit.

III. As to the failure to instruct on the presumption of innocence, it is sufficient to say the court instructed the jury that they must acquit unless they found defendant guilty beyond a reasonable doubt, and defendant neither prayed the court to instruct upon all questions of law, nor saved any exceptions to its failure to do so, and consequently the point is not before us.

The instructions covered the case and were unobjectionable. It was not error to fail to define the simple words "falsely" and "fraudulently." These are plain words and an attempt to define and simplify them would only confuse. [State v. Sattley, 131 Mo. 491.]

Another assignment is that the court improperly admitted evidence that defendant had a system of buying or ordering materials largely in excess of the amount needed to complete his contracts and then removing the excess. Three witnesses were called to prove this. As to two of them, Jordan and Hockensmith, no exception whatever was saved to their evidence, and while the court did admit Poppart's evidence over objection, he promptly ruled out the whole of the evidence of the three, stating that it did not show any such systematic fraud as justified it. Evidence showing that one criminal act was but a part of a system or series of criminal operations and of thus proving the guilty and common intent, is sometimes competent, but we agree with the learned trial court that the evidence offered was too inconclusive to establish a common purpose in this case and he properly excluded it from the jury. We are of the opinion that the admission of Poppart's evidence and its prompt withdrawal did not seriously prejudice defendant's case.

The evidence abundantly sustained the indictment, which was for a misdemeanor only, and we see no such prejudicial error as would justify a reversal of the judgment, and it is accordingly affirmed. All concur.