McGOWAN BROTHERS and HERNDON, Respondents, v. FRED G. EGGER, Appellant.

Kansas City Court of Appeals, November 29, 1920.

1. **FRAUD AND DECEIT**: Pleading: Knowledge: Different Causes of Action. Petition alleging that defendant represented certain heifers were good breeders and knew that said representations were false and fraudulent and made to induce the purchase of said heifers, where there is also an allegation that defendant knew the purpose for which the plaintiffs intended to use said heifers, is a sufficient pleading of defendant's knowledge and stated a cause of action based on fraud and deceit.

2. ———: Pleading: Causes of Action: Fraud: Breach of Implied Warranty. A petition alleging false and fraudulent representations on the part of the seller with reference to certain heifers and that the plaintiff bought said heifers for certain purposes known to the defendant and they could not be used for the purpose for which purchased, states a cause of action for fraudulent misrepresentations and for breach of implied warranty.

3. **MOTION TO ELECT**: Waiver: Pleading Over. A motion to elect is waived by subsequently pleading to the merits, and if such were the only error the same would be good after verdict.

4. **INSTRUCTIONS**: Incorrect Submission Erroneous: Fraud: Implied Warranty. An instruction attempting to cover the entire case directing the verdict submitting a case more nearly of fraud and deceit than of implied warranty, but not correctly submitting either, is erroneous, in that as to the former it omits to submit to the jury the question of whether defendant knew the representations were false, and as to the latter it does not submit the question whether defendant knew that plaintiffs purchased the

heifers for breeding purposes, the defendant having denied making the representations.

5. ———: Based Solely on Case of Fraud not Applicable to Action Upon Implied Warranty: Prejudicial Error.  An instruction applicable solely to a case of fraud had no place in a suit upon implied warranty and where the same told the jury that if defendant intentionally made any of the false representations, not knowing whether they were true or false, such were in law as much a fraud as if he had known them to be false, and the giving of the same in a case not based on fraud is prejudicial.

Appeal from Bates County Circuit Court.—*Hon. C. A. Calvird,* Judge.

REVERSED AND REMANDED.

*W. H. Hulett* for respondent.

*Silvers & Dawson* for appellant.

TRIMBLE, J.—Plaintiff's action is to recover damages arising out of the sale by defendant to plaintiff of thirty-two head of heifers.  A verdict and judgment in the sum of $700 was obtained and defendant has appealed.

The gist of the wrongful act complained of is that the defendant, "in order to induce the plaintiff to buy said heifers, falsely and fraudulently represented," that all of said heifers were good breeders; that ten of them, the three-year-olds, were bred to a registered Hereford Bull and were with calf by him, and that the others were "open," that is, not bred, whereas in truth and in fact several of the two-year-olds were with calf by a black bull and several others of the two  and three-year-olds were absolutely barren.

Defendant complains that the petition is so drawn as to contain two different causes of action, one for fraud and deceit, and the other based upon the breach of an implied warranty; and that, therefore, the court erred in overruling defendant's motion to elect.  Plaintiff contends that the suit is solely upon an implied warranty, and that the petition cannot be deemed to declare upon

fraud and deceit since there is no allegation that the defendant knew the representations were false and there *is* an allegation that defendant knew the purpose for which the plaintiffs intended to use the cattle. We think, however, that the allegation that the representations were "falsely and *fraudulently* made in order to induce the plaintiffs to buy," is a sufficient pleading of defendant's *scienter.* [Arthur v. Wheeler and Wilson Mfg. Co., 12 Mo. App. 335, 340; Adams v. Barber, 157 Mo. App. 370; 12 R. C. L. 421-2.] We are, therefore, of the opinion that the petition did contain a cause of action based on fraud and deceit. Indeed the petition does not state, except *inferentially,* that plaintiffs bought the cattle for breeding purposes. However, a suit for breach of implied warranty can be maintained even where there is fraud in making the alleged representations, provided the other elements necessary to create an implied warranty exist and are pleaded; and it would seem that if this were the only error complained of it would be unavailing in view of the defendant's waiver of the motion by subsequently pleading to the merits. [Dakan v. Chase and Son, etc., Co., 197 Mo. 238, 270-1.] No other objection or attack was made upon the petition, and if this were all the error complained of, the petition would doubtless be held good after verdict. Passing this by, however, and going to the instructions, we find that one of them covers the case and directs a verdict and submits a case more nearly of fraud and deceit than of implied warranty, and yet does not correctly submit either. As to the former, it omits to submit clearly to the jury the question of whether defendant knew the representations were false, and as to the latter it does not submit the question whether defendant knew that plaintiffs purchased the cattle for breeding purposes. Indeed it does not submit the question whether plaintiff bought them for such purposes. Defendant denied making the representations. He also testified he did not know the plaintiffs were buying the cattle for breeding purposes, and we cannot say from his other evidence that *conclusively* he did know.

Again, instruction No. 3 was applicable solely to a case of fraud and, therefore, had no place in a suit upon an implied warranty. It told the jury that if defendant intentionally made any of the false representations not knowing whether they were true or false, such were in law as much a fraud as if he had known them to be false The effect of such an instruction, in a case which is not based on fraud, is prejudicial and should not be given.

There are other complaints made, but upon a retrial of the case they can, and doubtless will, be obviated.

The judgment is reversed and the cause is remanded. All concur.