ST. LOUIS BREWING ASSOCIATION, Respondent,
v. FRED SCHAFER, SR., FRED SCHAFER, JR.,
and R. SCHAFER, Appellants.

**St. Louis Court of Appeals.   Opinion Filed June 6, 1922.**

1. **WITNESSES: Declarations of Partners: Membership: Impeachment: Evidence: Admissibility.** In a suit upon a partnership account involving the issue as to whether one of the defendants was a partner and liable on the account, testimony as to declarations of other partners that such defendant was a member of the firm, though made in the absence of such defendant, was proper and competent to impeach such partners as witnesses by showing that they had made contradictory statements on another occasion upon the material issue as to whether there was a partnership, in view of other testimony that such defendant was not a partner.

2. **TRIAL PRACTICE: Impeachment: Failure to Limit Testimony: Not Error in Absence of Request for Instruction.** In a suit upon a partnership account involving the issue as to whether one of the defendants was a member of the partnership in which other partners had testified that such defendant was not a partner, and testimony as to the declarations of such partners that such defendant was a partner was admitted to impeach such other partners as witnesses, the failure of the court to limit such testimony to the purpose of which it was offered *held* not error in the absence of a request on the part of defendants for such an instruction and the refusal on the part of the court to give it.

3. **PARTNERSHIPS: Membership: Admissions: Admissible as Declarations Against Interest: Estoppel.** In a suit upon a partnership account involving the issue as to whether one of the defendants was a member of the partnership, testimony as to admissions or declarations of such partner indicating that he was a partner in the business *held* that as he was a party to the suit his declarations against his interests were admissible to bind him, and were proper evidence of an actual partnership as well as a partnership by estop-pel.

4. ———: ———: **Acts and Conduct: Evidence: Admissible to Establish Partnership.** In a suit upon a partnership account involving the issue as to whether one of the defendants was a member of the

partnership, proof of acts and conduct of such defendant offered to establish such partnership was competent.

5. ———: ———: Instructions: Holding Out as Partners: Estoppel: Instruction Proper. In a suit upon a partnership account involving the issue as to whether one of the defendants was a member of the firm, an instruction that even if such defendant was not actually a partner, nevertheless he could be held liable as such if he "by his conduct, acts or declarations held himself out to plaintiff as the partner of said other defendants, and by such acts, conduct or declarations induced plaintiff to believe that he was a partner of the other defendants" and "that by reason of such belief the plaintiff gave credit and sold the goods" etc., held proper as by such instruction the jury were required to find all the necessary elements of a partnership by estoppel.

6. ———: ———: ———: ———: ———: Offering Converse Instruction: Effect. Where the defendants requested and the court gave in their behalf an instruction which is the converse of an instruction criticised by them, they cannot complain.

7. ———: ———: Evidence: Question for the Jury. In a suit on a partnership account involving the issue as to whether one of the defendants was a member of the partnership firm, evidence held to make the issue of partnership one for the jury.

8. APPELLATE PRACTICE: Verdicts: Supported by Substantial Evidence: Conclusive on Appeal. Where the evidence was sufficient to make the issue of partnership one for the jury, and, the jury having decided that question against the defendant, it is not the province of the appellate court to interfere.

Appeal from the Circuit Court of Jefferson County.— *Hon. E. M. Dearing,* Judge.

AFFIRMED.

*Chas. J. White* and *Miller & Kleinschmidt* for appellant.

*Clyde Williams* and *P. S. Terry* for respondent.

BIGGS, C.—Plaintiff sues upon an account for beer sold to Fred Schafer, Sr., Fred Schafer, Jr., and Roland

Schafer, who are alleged to have been partners. Following a verdict of a jury there was a judgment against all defendants in the sum of $3603.32, from which defendant Fred Schafer, Sr., alone appeals.

The main issue in the case touching both questions of fact and law was whether Fred Schafer, Sr., was a partner and liable on the account.

Errors complained of are, in the admission of evidence, in the giving of instructions to the jury, and a claim is made that the verdict is not supported by the testimony.

The material facts necessary to rule on the questions presented are these:

Plaintiff was in the business of manufacturing beer in the city of St. Louis. Fred Schafer, Sr., father of the other two defendants, Fred Schafer, Jr., and Roland Schafer, for many years prior to the year 1908 had been engaged in the beer and soda water business in the city of Festus, Missouri, and had been a customer of the plaintiff, had accumulated property and had established a line of credit with the plaintiff company. In 1908 Fred Schafer, Sr., disposed of the business, including machinery and real estate, to D. A. Dees, Sr., and D. A. Dees, Jr., who conducted the business until December 30, 1911. During all of this time they had been handling the product of the plaintiff company. On the date last stated the two Schafers, Fred Schafer, Sr., and Fred Schafer, Jr., with D. A. Dees, Sr., and D. A. Dees, Jr., went to the office of the plaintiff company in the city of St. Louis, where a written contract was entered into between D. A. Dees and Fred Schafer, Jr., whereby in consideration of $3,000 in cash and $3,000 in notes, which were owned by Fred Schafer, Sr., and executed by Dees and wife, being returned to Dees, the said Dees transferred the business to Fred Schafer, Jr., which included also the real estate then occupied by Dees and which formerly had been occupied by Fred Schafer, Sr., in conducting the business. Afterwards this real estate was conveyed by Dees to Fred Schafer, Sr., who held

the property and subsequently by deed conveyed it to another.

Plaintiff's evidence tends to prove that at the time the contract was entered into Fred Schafer, Sr., in the presence of Dees, Sr., and Jr., and other employees of the plaintiff company, stated to Mr. Schaus, the manager of plaintiff corporation, that he (Fred Schafer, Sr.) was buying back the business from Mr. Dees, and that the business would be run in the name of Fred Schafer, Jr., and that this was done for the reason that Fred Schafer, Jr., had a good reputation among the saloon men, and that he, Fred Schafer, Sr., had made a good many enemies, and for that reason the business would be done in the name of Fred Schafer, Jr., but that Fred Schafer, Sr., was with his son in the business and was responsible. The evidence tended to show that Fred Schafer, Sr., at the same time ordered beer to be sent to Festus and shipped to Fred Schafer, Jr.; that said Fred Schafer, Sr., had stated to Dees, Jr., that he would buy the property back and run the business in the name of Fred Schafer, Jr.

The evidence further tended to show that from January 1, 1912, both Schafers ordered beer listed in the account sued on, and that they both paid sums of money on the account, Schafer, Sr., having visited the plaintiff's office on several occasions and made payments; that in 1915 Fred Schafer, Sr., while in the plaintiff's office ordered beer sent to Festus, and told the officers of the plaintiff company that he was going to California and that they must not let his son Fred, Jr., run out of beer while he was gone, as he (Fred Schafer, Sr.), was responsible.

It is further shown by the evidence that Fred Schafer, Jr., and Roland Schafer were without means, and while the account on the books of the plaintiff company was carried in the name of Fred Schafer, Jr., and Schafer Brothers, plaintiff's evidence tended to prove that this was done at the request of Fred Schafer, Sr., and that plaintiff company would not have extended

credit to the partnership except for the fact that Fred Schafer, Sr., represented that he was interested in the business and would be responsible for the debts of the partnership.

There was further evidence on behalf of plaintiff which tended to show that after December 30, 1911, the defendant Fred Schafer, Sr., took a considerable interest in the business in the way of looking after its customers and selling them beer; that he was around the place of business constantly, also was looking after the deliveries of the beer, which were made daily to their various customers; that he gave orders and directions to the employees, collected rent from the property, and also collected the firm's accounts, and gave advice to their customers who were in the saloon business in reference to the manner of conducting their business.

There was evidence from Mr. Dees, Sr., who after December 30, 1911, conducted a saloon business at Festus, Missouri, and handled the defendant's product, that Fred Schafer, Sr., had stated to him that the business was run for himself and the boys; that the reason it was run in the name of Fred Schafer, Jr., was because he could control the trade, inasmuch as Fred Schafer, Sr., had obtained the ill will of the customers and they did not like him. Further, that he and the boys were partners, which statement was made by Fred Schafer, Sr., on various occasions.

Countervailing testimony on behalf of the defendants indicated that Fred Schafer, Sr., had no interest in the business, and that it was owned exclusively and conducted in the name of Fred Schafer, Jr., and Schafer Brothers.

As to the admission of testimony. Upon the trial plaintiff offered in evidence the deposition of D. A. Dees, Jr., in which the witness testified as to declarations of Fred Schafer, Jr., and Roland Schafer to the effect that Fred Schafer, Sr., was their partner in the business. The testimony when first offered was not admitted by the court, inasmuch as Fred Schafer, Sr., was not pre-

sent at the time, and there had been no evidence introduced by the plaintiff showing the existence of the partnership. Subsequently Roland Schafer and Fred Schafer, Jr., were witnesses on behalf of the defendants and gave testimony to the effect that Fred Schafer, Sr., had no interest in the business, and was not a partner.

After laying a proper foundation, which is not questioned, the plaintiff, in rebuttal, again offered the deposition of D. A. Dees, Jr., which contained statements contrary to and inconsistent with their testimony given in the trial, and which was to the effect that Roland Schafer and Fred Schafer, Jr., had made statements that Fred Schafer, Sr., was a partner. This testimony so offered in rebuttal was not for the purpose of proving a partnership, but as a matter of impeachment to affect the credibility of the witnesses Roland Schafer and Fred Schafer, Jr. This is complained of as error.

Whether such declarations made by one partner in the absence of another was admissible in the present case as evidence tending to establish a partnership, need not be here ruled by us inasmuch as it was not offered for that purpose. We think the evidence was competent for the purpose of impeaching the witnesses Roland Schafer and Fred Schafer, Jr., inasmuch as it related to a fact material to the issue on trial, concerning which the witnesses had testified. Even though it be conceded that the statements of Roland Schafer and Fred Schafer, Jr., to the effect that their father Fred Schafer, Sr., was a partner in the business was not competent in the first instance to establish a partnership, not being made in the presence of Fred Schafer, Sr., still where, as here, Roland Schafer, and Fred Schafer, Jr., were upon the stand and denied that their father Fred Schafer, Sr., had any interest in the business or was a partner therein, it was proper and competent for the plaintiff to impeach the said witnesses by showing that they made contradictory statements on another occasion upon the material issue as to whether there was a partnership. The testimony should have been, of

course under the circumstances, limited to the purpose for which it was offered, and the court would doubtless have given an instruction to the jury to that effect had the defendants requested it. This was not done, and in the absence of the refusal on the part of the court to give such an instruction it could not be convicted of error.

In the case of Spohn v. Missouri Pacific Railway Company, 101 Mo. l. c. 454, 14 S. W. 880, it is said:

"Declarations by an agent are usually inadmissible against his principal as original evidence when made after the event as mere narratives of it. Nor can such declarations be made evidence because of a mere denial of them. But where such statements or declarations relate to facts material to the issue on trial, concerning which the agent has testified, he may be contradicted by evidence of them, the same as any other witness, the proper foundation having been first laid for introducing them."

Again in the case of Gordon v. Railroad, 222 Mo. 516, l. c. 531, 121 S. W. 80, the Supreme Court says:

"Defendant also claims that the court erred in the admission of the statement made by C. H. Manker, the yard foreman, to Mary J. Pangle, mother of the injured man, about an hour after the injury occurred. With reference to the injury to her son, she asked Manker how it happened, and he said, 'Harry took hold of that old loose handrail of the caboose, and fell. I have been trying to get them to put that caboose in the shops for a month, and I guess they will put it in now.' It appears from the record that this testimony was not offered in chief, or for the purpose of proving negligence on the part of the railroad company, but for the sole purpose of contradicting witness Manker on a material matter upon which he had testified for the defendant.

"It is well settled that the statements or admissions of an employee of a railway company with reference to a past event, upon which he was not authorized to speak for his employer, are not admissible in evidence, as not being a part of the *res gestae*. [Koenig v. Union Depot

Railway Company, 173 Mo. 698, and authorities cited.] But that rule has no application here, where the object of the testimony was the impeachment of the witness Manker had testified for the defendant that about an hour and a half after the accident he examined the handrails on this caboose, that he found them in good condition and that they were not loose or shaky. This testimony tended to prove that the handrails were in good condition at the time of the accident, and it was of course, offered for that and no other purpose.''

So in the present case, while the testimony of Dees with reference to declarations of Roland Schafer and Fred Schafer, Jr., to the effect that their father Fred Schafer, Sr., was a partner in the business may not have been competent in the first instance for the purpose of establihing a partnership on the part of Fred Schafer, Sr., still such testimony was proper for the purpose of contradicting Roland Schafer, and Fred Schafer, Jr., when they became witnesses in the case and testified upon the material question involved, to the effect that their father Fred Schafer, Sr., was not a partner in the business. We think the Court committed no error in admitting the testimony under the circumstances.

Complaint is made on account of the court admitting in evidence the admissions or declarations of Fred Schafer, Sr., which indicated that he was a partner in the business. It was admitted that Fred Schafer, Jr., and Roland Schafer were members of the firm, and the only question was whether Fred Schafer, Sr., was a partner. No error was committed in this regard. Fred Schafer, Sr., was a party to the suit, and his declarations against his interest were admissible to bind him and were proper evidence of an actual partnership as well as a partnership by estoppel. [Huyssen v. Lawson et al., 90 Mo. App. 82; Bissell v. Warde, 129 Mo. 439, 31 S. W. 928; 2 Rowley on Partnership, sec. 886, page 1238.] Mr. Rowley states the rule thus:

''In an action by a third person against alleged partners . . . it is sufficient to establish their liability

St. Louis Brewing Assn. v. Schafer.

to show the admissions of such fact by the alleged part-
ners, or that they have held themselves out to the public
as such.  The rule is that such proof may be made by
parol.  It is generally held that in actions by third
persons against persons who are alleged to be partners,
such partnership may be established by parol evidence
even where it appears from the evidence on the trial
of the case that there is a written agreement between
the parties as to the partnership.''

Proof of acts and conduct may also be offered to
establish a partnership, as was done in this case.  [Row-
ley, sec. 887.]

As to the instructions.  Error is predicated upon
the giving of plaintiff's instruction as follows:

''The court instructs the jury that even though you
may believe and find from the evidence that at the time
of the purchase of the goods described in the evidence
the defendant Fred Schafer, Sr., was not actually a
partner of defendant Fred Schafer, Jr., and R. Schafer,
nevertheless, if you further find and believe from the
evidence that defendant Fred Schafer, Sr., by his con-
duct, acts or declarations held himself out to plaintiff as
the partner of said other defendants, and by such acts,
conduct or declarations induced plaintiff to believe that
said defendant, Fred Schafer, Sr., was a partner of the
other defendants, and if you shall further believe that
by reason of such belief, the plaintiff gave credit and
sold the goods as mentioned in the evidence, then the de-
fendant, Fred Schafer, Sr., is liable as a partner under
the cause of action sued for.''

This form of instruction was approved by this court
in Schultz v. Steele, 69 Mo. App. 614, 628, in a case where
the evidence establishing a partnership by estoppel was
not as strong as in the present case.  By a fair reading
of the instruction the jury are required to find all the
necessary elements of a partnership by estoppel, namely,
(1) that by reason of the acts, conduct and declarations
of defendant which were known to plaintiff, plaintiff be-
lieved that he was a partner, and (2) that plaintiff acted

St. Louis Brewing Assn. v. Schafer.

upon such belief and thereafter by reason thereof extended credit to the firm. The instruction requires the jury to find that the act of holding out was done by defendant Fred Schafer, Sr., to plaintiff; that such holding out thereby induced plaintiff to believe he was a partner; and that by reason of such belief plaintiff gave credit to the firm and sold them the goods. Under the instruction the holding out was necessarily done before the credit was given.

The defendants requested and the Court gave in their behalf instruction No. 5, which is the converse of the instruction criticized by them, and for this reason defendants should not be permitted to complain. [Baker v. McMurry Contracting Company, 223 S. W. (Mo.) 45, l. c. 49.]

We have examined the defendants' objection to the plaintiff's third instruction, which pertained to the question of damages and did not authorize a verdict for plaintiff. We think the complaints against the instruction are without substantial merit.

The other point made against the judgment is to the effect that the verdict of the jury was not supported by the evidence. To this we do not agree. This point was doubtless made on the theory that the declarations of Fred Schafer, Sr., were not admissible against him to establish the partnership. Plaintiff's evidence in. reference to Fred Schafer, Sr.'s, acts, conduct and admissions were clearly sufficient to prima facie establish not only an actual partnership, but also a partnership by estoppel. They made the issue of partnership one for the jury, and the jury having decided that question against the defendant it is not our province to interfere.

No error justifying a reversal appearing, it is recommended that the judgment be affirmed.

PER CURIAM:—The foregoing opinion of Briggs, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Allen, P. J., Becker* and *Daues, JJ.,* concur.