Perry **WILSON** and Hazel **Wilson,**
his wife, Respondents,

v.

**N. W. ELECTRIC POWER COOPERATIVE,**
Inc., a corporation, Appellant.

No. 22469.

Kansas City Court of Appeals.

Missouri.

May 6, 1957.

Russell N. Pickett, Eugene E. Andereck, Phil Hauck, Pickett, Andereck & Hauck, Trenton, for appellant.

William B. Waters, Robert E. Coleberd, Liberty, for respondents.

BROADDUS, Presiding Judge.

This is a suit for damages due to the claimed false and fraudulent representations of defendant N. W. Electric Power Cooperative, Inc., in the location of its transmission line, constructed on plaintiffs' land. The verdict was for plaintiffs in the sum of $4,000, but the court ordered a remittitur in the sum of $1,200. From the $2,800 judgment entered, defendant has appealed.

Plaintiffs offered substantial evidence tending to prove that their farm of 120 acres consists of high ground (along the eastern line) which is partially covered with timber and the remainder in pasture; that defendants right of way man, Pace, met and talked with plaintiffs, at another of their farms, regarding defendant's desire to construct a transmission line on the farm herein involved; that said Pace told them that the right of way sought by defendant

would be located along the eastern line of the farm, over the timber and pasture land; that, since defendant was an R.E.A., utility, and since the land to be traversed was not highly valuable farm land, they agreed to and did execute a right of way contract to defendant for an agreed price of $7 per structure on rough untillable land, and $12 on tillable land; that plaintiffs were shown a map of the land and that Pace pointed out to them the location thereon of the proposed transmission line; that said location was not shown on the map by any line or drawing; that the transmission line was later constructed much farther west, diagonally across the best bottom tillable land of their farm, and not along the eastern border of the land as they had been told it would be.

Defendant's sole contention is that Instruction No. 1 given on plaintiffs' behalf, and which purported to cover the entire case and direct a verdict, was erroneous because it failed to submit to the jury the necessary element of *scienter*.

The instruction requires the jury to find that on and prior to October 30, 1951, defendant desired to procure across plaintiffs' farm a right of way for the construction and maintenance of an electrical transmission line, consisting of a system of double poles, wires and other electrical devices, and that on or about that time defendant obtained from plaintiffs the right of way easement mentioned in evidence. It then required the jury to find that defendant, through its duly authorized agent, acting in the course of his employment as such, and on the business of defendant at the time of obtaining the right of way easement, "falsely and *fraudulently* represented and stated to plaintiffs that defendant would construct said transmission line along the easterly line of plaintiffs' farm", that plaintiffs believed such representations and relied upon them and signed the easement granting to defendant the right to enter upon their farm and construct the transmission line, and then the instruction requires the finding that said defendant, through its agent and employees,

in direct violation of said representations, located the transmission line at an entirely different point through plaintiffs' farm and the tillable and bottom land thereof instead of along the easterly line thereof. It then requires the finding that defendant, in constructing its line, destroyed approximately three acres of corn and damaged certain parts of plaintiffs' farm and the further finding that the representations as to the location of the line were untrue and that plaintiffs were damaged thereby.

It is to be noted that the instruction requires the jury to find that the representations were not only false, but that they were *fraudulently* made.

■ *Scienter,* the element which defendant says the instruction fails to submit, simply means knowledge on the part of the person making the representations, at the time when they are made, that they are false.

This court in the case of McGowan Bros. & Herndon v. Egger, 205 Mo.App. 661, 226 S.W. 964, 965, held that the allegation in the petition "that the representations were 'falsely and fraudulently made in order to induce the plaintiffs to buy' is a sufficient pleading of defendant's *scienter*. Arthur v. Wheeler & Wilson Mfg. Co., 12 Mo.App. 335, 340; Adams v. Barber, 157 Mo.App. 370, 139 S.W. 489."

In the Adams case which this court cited, appears this significant language:

"And it has been held that the allegation that the representations were fraudulently or deceitfully made sufficiently avers the *scienter* as the word 'fraudulently' or the word 'deceitfully' *excludes the idea of mistake and imports that the representations were made with knowledge of their falsity.* * * *

"Under the authorities cited, the charge of the *scienter* in this petition was undoubtedly sufficient as the allegations charged that the representations were *fraudu-*

*lently* made, which *implies that they were knowingly made by the defendant in bad faith with knowledge of their falsity."* (Emphasis ours.) [157 Mo.App. 370, 139 S.W. 494.]

Our Supreme Court has held that an instruction need not define the word "fraudulently". It is a simple word. And to assert that its meaning is not understood by jurors is a "challenge to the utility of jury trials." State v. Gregory, 170 Mo. 598, 607, 71 S.W. 170; Feary v. O'Neill, 149 Mo. 467, 474, 475, 50 S.W. 918, 919.

The instruction (No. 1) now under discussion is couched in the identical language of the petition. Whether it is good, standing alone, we need not determine. We prefer to rest our decision of the instant case upon another ground. At defendant's request the court gave Instructions A, B, and C. They are:

"The Court instructs the jury that if you find and believe from the evidence that the defendant did not *falsely and fraudulently represent* to plaintiffs that defendant would construct its transmission line along the easterly line of plaintiffs' farm, if you so find, then your verdict as to the charge that the value of plaintiffs' farm was diminished by reason of the location of said transmission line upon plaintiffs' farm will be for defendant. * * *."

"The Court instructs the jury that if you find and believe from the evidence that the defendant did not *falsely and fraudulently represent* to the plaintiffs that they would construct said transmission line along the easterly line of plaintiffs' farm, and if you further find that defendant did not totally destroy or partially destroy three acres of corn on said land, then your verdict will be for defendant."

"The Court instructs the jury that if you find and believe from the evidence that the defendant did not *falsely and fraudulently represent* to the plaintiffs that they would locate their transmission line across the easterly line of plaintiffs' farm, and that defendant did not damage plaintiffs' corn crop, your verdict will be in the following form: * * *." (Emphasis ours.)

It is apparent that the word *fraudulently* was used by *both* parties in its true sense— that it implies or imports *knowledge*.

The rule is well settled that a defendant cannot complain of plaintiff's instruction, where his given instruction submitted the issue in the same form as it was submitted in plaintiff's instruction. Evans v. Atchison, T. & S. F. Ry. Co., 345 Mo. 147, 131 S.W.2d 604; Kincaid v. Birt, Mo., 29 S.W.2d 97. Or, to put it another way, a defendant is in no position to complain where instructions given on his behalf are merely the converse of the one given on behalf of plaintiff. St. Louis Brewing Ass'n v. Schafer, 210 Mo.App. 213, 242 S.W. 692.

It follows from what we have said above that the judgment should be affirmed. It is so ordered. All concur.